THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN CASH REGISTER, INC. d/b/a GOOD AS NEW ELECTRONICS, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 20 C 6258 |
| v. | ) ) | Judge Virginia M. Kendall |
| AMAZING DEALZZ, et al. *Defendants*. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Franklin Cash Register, Inc. d/b/a Good as New Electronics ("GNE") filed suit against Defendants Amazing Dealzz, Caroline Pourtavousi, Shtizel, Inc., Sharone Yerushalami, Yoel Gidanian, and John/Jane Does 1-99, (collectively "Defendants"), for defamation, tortious interference, fraud, and civil RICO violations. Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2) and (3), and, in the alternative, to transfer venue, 28 U.S.C. § 1404. For the following reasons, Defendants' motion [11] is denied.

## BACKGROUND

The following facts are taken from GNE's complaint and are accepted as true for purposes of this motion. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). GNE is an Illinois corporation that sells refurbished SharkNinja products on Amazon, an online sales platform. (Dkt.

1

1 at ¶ 7–8, 15, 29). Defendants, corporations and individuals incorporated in and/or domiciled in California, also sell SharkNinja products via an Amazon storefront. (*Id*. at ¶¶ 16–20, 33).

Each product listed for sale on Amazon is assigned a unique Amazon Sales Identification Number ("ASIN"), but it is possible to tamper with the ASIN to disassociate it with its assigned product and associate it with a different product. (*Id*. at ¶ 28). GNE claims that on multiple occasions, beginning on or around January 1, 2020, Defendants tampered with ASINs associated with products on GNE's Amazon storefront to redirect customers to sales listings for different products sold by Defendants. (*Id*. at ¶ 30). Defendants also purchased products in bad faith from GNE's Amazon storefront and made false claims to Amazon that GNE's products were counterfeit and inauthentic. (*Id*. at ¶¶ 31–32). Defendants left false reviews of the products and returned them in an attempt to overwhelm GNE's ability to conduct business and interfere with its business relations. (*Id*.)

In response, GNE made multiple "test buys" of SharkNinja products through Defendants' Amazon storefront. (*Id*. at ¶ 33). In each instance, GNE received different, less valuable products than those it purchased. (*Id*.) When GNE attempted to return the products, Defendants falsely claimed and reported to Amazon that the goods GNE returned were different from those it had purchased. (*Id*. at ¶¶ 34–36). As a result of these claims, in addition to those that GNE's products were counterfeit and inauthentic, Amazon removed GNE's listings for various SharkNinja products on multiple occasions. (*Id*. at ¶ 37). GNE eventually appealed these decisions and was successful in getting the products relisted. (*Id*. at ¶¶ 39–40). On August 26, 2020, GNE sent Defendants a cease and desist letter regarding its false claims and fraudulent activity on Amazon. (*Id*. at ¶ 46, Ex. D). Despite this and earlier attempts to notify Defendants of their improper conduct, Defendants continue to interfere with GNE's commercial activity on Amazon. (*Id*. at ¶¶

2

46–47). On October 21, 2020, GNE filed the instant complaint claiming defamation, tortious interference, fraud, and civil RICO violations, 18 U.S.C. § 1964(c).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits dismissal of a complaint for lack of personal jurisdiction. While a plaintiff need not anticipate a personal jurisdiction challenge in its complaint, once a defendant challenges the court's exercise of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, the Court decides a motion challenging jurisdiction on the basis of written submissions, the plaintiff "need only make out a prima facie case of personal jurisdiction." *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In reviewing a motion to dismiss for lack of personal jurisdiction, the Court accepts all well-pleaded factual allegations in the complaint as true and should resolve all factual disputes in the plaintiff's favor. *Tamburo*, 601 F.3d at 700.

The Court may also dismiss an action based on improper venue. 28 U.S.C. § 1391(b); Fed. R. Civ. P. 12(b)(3). Where venue is improper the court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district … in which it could have been brought. 28 U.S.C. § 1406(a).

## DISCUSSION

### I. Personal Jurisdiction

In a diversity jurisdiction case, such as this one, personal jurisdiction is governed by the law of the forum state. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014); *Tamburo*, 601 F.3d at 700. The Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. *See Brook v.*

*McCormley*, 873 F.3d 549, 552 (7th Cir. 2017); 735 Ill. Comp. Stat. 5/2-209(c). [1] Therefore, the state and federal constitutional requirements are the same. *See Brook*, 873 F.3d at 552. Federal due process requires that the defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Wash*, 326 U.S. 310, 316 (1945)). Physical presence in the forum state is not required, but there must be sufficient minimum contacts such that the defendant "should reasonably anticipate being haled into court there." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 474 (1985)).

Personal jurisdiction may be general or specific. *Id*. General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.'" *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014). It is clear this Court lacks general personal jurisdiction over Defendants who are domiciled in California. Defendants' only connection to Illinois is the purchase and sale of products in the forum through Amazon, but such sales via a public website are alone insufficient to establish the "continuous and systematic" contacts necessary to confer general jurisdiction. *See Tamburo*, 601 F.3d at 701-02.

"Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id*. (citing *Burger King*, 471 U.S. at 472). "The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice…." *Id*.

---

[1] The Illinois long-arm statute also permits the exercise of jurisdiction over a non-resident based on certain enumerated acts, such as the commission of a tortious act or transaction of business in Illinois. 735 ILCS 5/2-209(a). Because the parties do not address jurisdiction under these provisions, the Court does not consider their applicability to the present case.

(citing *Int'l Shoe*, 326 U.S. at 316). Specific jurisdiction may not lie where the plaintiff is "the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id*. (citation omitted).

> A. Whether Defendants Purposefully Directed Their Activities at Illinois

Whether a defendant has purposefully directed its activities at a forum "depends in large part on the type of claim at issue." *Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir.2012). In the context of intentional tort claims, as here, a finding of personal jurisdiction requires: "(1) intentional conduct (or "intentional and allegedly tortious" conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo*, 601 F.3d at 703. All three conditions are met in this case.

GNE alleges the Defendants intentionally manipulated ASINs on GNE's storefront to redirect customers to its products and purchased products from GNE in bad faith to facilitate their filing of false claims and reviews regarding GNE's products. (Dkt. 1 at ¶¶ 30–31). GNE further alleges that when it purchased products from Defendants on Amazon, Defendants intentionally shipped it less valuable products and lied to Amazon when GNE attempted to return them. (*Id*. at ¶¶ 33–35). The complaint clearly alleges intentional tortious conduct by Defendants.

As to the remaining requirements, Defendants' connection with Illinois arises from its sale of products to and interactions with GNE and other customers and merchants on Amazon. While a defendant cannot be "haled into court simply because the defendant owns or operates a[n] [interactive] website that is accessible in the forum state," Defendants' contacts with Illinois in this case arise from more than the routine operation of an online storefront. *Illinois v. Hemi Grp.*

*LLC*, 622 F.3d 754, 760 (7th Cir. 2010). Defendants specifically targeted GNE, a competitor located in Illinois, by manipulating ASINs on its storefront to divert sales and purchasing its products to publish false claims against it. (Dkt. 1 at ¶¶ 30–31). Although Defendants initiated these actions in California, their actions were aimed specifically at GNE with knowledge that GNE, as an Illinois business, would suffer injury in Illinois. *See Tamburo*, 601 F.3d at 706 ("[A]lthough they acted from points outside the forum state, the [] defendants specifically aimed their tortious conduct at [plaintiff] and his business in Illinois" by publishing false and defamatory statements about plaintiff on their public websites encouraging competitors to boycott plaintiff's products or harass plaintiff). GNE has made a prima facie showing that Defendants purposefully directed their activities at Illinois.

B. Whether GNE's Claims Arise from Defendants' Contacts with Illinois

Next, to support the exercise of personal jurisdiction, GNE's claims must arise out of or relate to Defendants' contacts with Illinois. Here, this requirement is readily satisfied. The actions Defendants took to target GNE and its business in Illinois (tampering with ASINs on GNE's Amazon storefront, purchasing products from GNE, etc.) are the same actions that form the basis for GNE's claims.

C. Fair Play and Substantial Justice

Finally, the Court must consider whether the exercise of personal jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. Factors for consideration are: "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest

of the several States in furthering fundamental substantive social policies."' *Tamburo*, 601 F.3d at 709 (quoting *Burger King*, 471 U.S. at 477).

"Illinois has a strong interest in providing a forum for its residents and local businesses to seek redress for tort injuries suffered within the state and inflicted by out-of-state actors." *Tamburo*, 601 F.3d at 709. While it is burdensome for Defendants, who reside in California, to litigate in Illinois, "out-of-state defendants *always* face such a burden, and there is no suggestion that [Defendants'] hardship would be any greater than that routinely tolerated by courts exercising specific jurisdiction against nonresidents." *Felland*, 682 F.3d at 677 (emphasis in original). Defendants have already retained local counsel through whom they have engaged in motion practice. *See e.g.*, *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 909 (N.D. Ill. 2015) (defendants' retention of local counsel and motion practice in forum supported exercise of personal jurisdiction); *Jackson v. N'Genuity Enterprises, Co.*, No. 14 C 2197, 2014 WL 4269448, at *6 (N.D. Ill. Aug. 28, 2014) (same). GNE is based in Illinois, alleges it has suffered injuries in Illinois, and would be equally burdened by having to litigate this case remotely. (Dkt. 1 at ¶¶ 15, 45, 47). There is no reason to believe a single suit in Illinois would not be the most efficient way to resolve GNE's claims. This Court's exercise of personal jurisdiction over Defendants does not run afoul of traditional notions of fair play and substantial justice. As all the requirements of the Due Process Clause are met, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

## II. Venue

Defendants also move to dismiss for improper venue, and in the alternative, to transfer the case to the Southern District of California. Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

7

>situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). [2] Under Illinois law, a tort claim generally accrues where the plaintiff suffers injury. *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 866 (7th Cir. 2010). Here, although Defendants perpetrated their torts online, GNE suffered the harm inflicted by this conduct in Illinois, so a substantial part of the events giving rise to GNE's claims can be said to have occurred in Illinois. Venue is thus proper in Illinois under § 1391(b)(2) and Defendants' motion to dismiss for improper venue is denied.

Even where venue is proper, the Court may, in its discretion, transfer the case to another district if: "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; (3) the transfer will serve the convenience of the parties and witnesses; and (4) the transfer will serve the interests of justice." *Hanover Ins. Co. v. N. Bldg. Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012) (citation omitted); 28 U.S.C. § 1404(a). As discussed above, venue is appropriate in Illinois under 28 U.S.C. § 1391(b)(2). Venue is also appropriate in California under the same subsection. Defendants operate their Amazon storefront from California. (Dkt. 1 at ¶¶ 16–20). Part of GNE's claims are also based on its purchase of products from Defendants in California. (*Id.* at ¶ 33). Thus, a substantial part of the events giving rise to GNE's claims occurred in California.

    A. <u>Convenience</u>

"In evaluating the convenience of the parties and witnesses, courts weigh the following factors: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the

---

[2] As neither party argues that the RICO venue provision, 18 U.S.C. § 1965(a), applies, the Court only addresses the general venue statute.

parties of litigating in the respective forums." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (internal quotations and citation omitted). Defendants "ha[ve] the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Considering the five factors together, Defendants have not met their burden.

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *See Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir.1997). A plaintiff entity is deemed to reside where it maintains its principal place of business. 28 U.S.C. § 1391(c)(2). Here, GNE is incorporated in and maintains its principal place of business in Illinois, so factor one weighs against transfer. (Dkt. 1 at ¶ 15).

As discussed earlier, material events giving rise to GNE's claims occurred in both Illinois and California. Defendants do not address where potential evidence is located, but as the conduct at issue occurred online, the relevant evidence will likely be easily discoverable regardless of physical location. Moreover, "[t]he physical location of documents is less important than it once was given the advent of electronic discovery." *Brunswick Corp. v. Fitness 19 OH 237, LLC*, No. 19 C 1503, 2019 WL 2326000, at *3 (N.D. Ill. May 31, 2019). Defendants and their potential witnesses are located in California, but GNE and its potential witnesses are located in Illinois. There is no reason to assume it is more inconvenient for Defendants to litigate in Illinois than it would be for GNE to litigate in California. Thus, on balance, factors two through five are neutral and weigh against transfer. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)

("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (citation omitted).

### B. Interests of Justice

"In considering the interests of justice, courts weigh additional factors, including: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Hanover Ins. Co.*, 891 F.Supp.2d at 1025 (citation omitted).

The first factor tends to support transfer, but only slightly. While an average judge in the Northern District of Illinois has more pending cases than in the Southern District of California, the two districts are comparable in the time it takes civil cases to proceeds to trial. *See* Federal Court Management Statistics (September 30, 2020), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-1 (reporting that for a twelve-month period ending on September 30, 2020 an average judge in the Northern District of Illinois had 714 pending cases, while judges in the Southern District of California had an average of 503 pending cases and that the median time for civil cases to proceed from filing to trial was 39.3 months in the Northern District of Illinois and 36.8 months in the Southern District of California).

The remaining factors, however, weigh against transfer. A bulk of GNE's claims are brought under Illinois law and GNE suffered harm in Illinois. (Dkt. 1 at ¶¶ 45, 47, 55–77). Illinois courts have a significant interest "in providing a forum for its residents and local businesses to

seek redress for tort injuries suffered within the state and inflicted by out-of-state actors." *Tamburo*, 601 F.3d at 709.

## CONCLUSION

In summary, although venue would be proper in the Southern District of California, the convenience and justice factors counsel against transfer. Defendants' motion to transfer venue is denied.

_____
Virginia M. Kendall
United States District Judge

Date: April 13, 2021