THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FRANKLIN CASH REGISTER, INC. d/b/a GOOD AS NEW ELECTRONICS, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 20 C 6258 |
| v. | ) ) | Judge Virginia M. Kendall |
| AMAZING DEALZZ, et al. *Defendants*. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Franklin Cash Register, Inc. d/b/a Good as New Electronics ("GNE") filed suit against Defendants Amazing Dealzz, Caroline Pourtavousi, Shtizel, Inc., Sharone Yerushalami, Yoel Gidanian, and John/Jane Does 1-99 (collectively "Defendants") for defamation, tortious interference, fraud, and civil RICO violations. Before the Court is Defendants' Motion to Dismiss for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion (Dkt. 21) is granted in part and denied in part.

**BACKGROUND**

The following factual allegations are taken from GNE's Complaint (Dkt. 1) and are assumed true for the purpose of this motion. *W. Bend. Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). GNE sells refurbished SharkNinja products on Amazon, an online sales platform. (Dkt. 1 ("Compl.") at ¶ 7–8, 15, 29). Defendants also sell SharkNinja products via an Amazon storefront. (*Id*. at ¶¶ 16–20, 33).

Each product listed for sale on Amazon is assigned a unique Amazon Sales Identification Number ("ASIN"), but it is possible to tamper with the ASIN to disassociate it with its assigned

product and associate it with a different product. (*Id.* at ¶ 28). GNE claims that on multiple occasions, beginning on or around January 1, 2020, Defendants tampered with ASINs associated with products on GNE's Amazon storefront to redirect customers to sales listings for different products sold by Defendants. (*Id.* at ¶ 30). Defendants also purchased products in bad faith from GNE's Amazon storefront and made false claims to Amazon that GNE's products were counterfeit and inauthentic. (*Id.* at ¶¶ 31–32). Defendants left false reviews of the products and returned them in an attempt to overwhelm GNE's ability to conduct business and interfere with its business relations. (*Id.*) In response, GNE made multiple "test buys" of SharkNinja products through Defendants' Amazon storefront. (*Id.* at ¶ 33). In each instance, GNE received different, less valuable products than those it purchased. (Id.) When GNE attempted to return the products, Defendants falsely claimed and reported to Amazon that the goods GNE returned were different from those it had purchased. (*Id.* at ¶¶ 34–36). As a result of these claims, in addition to those that GNE's products were counterfeit and inauthentic, Amazon removed GNE's listings for various SharkNinja products on multiple occasions. (*Id.* at ¶ 37). GNE eventually appealed these decisions and was successful in getting the products relisted. (*Id.* at ¶¶ 39–40). On August 26, 2020, GNE sent Defendants a cease-and-desist letter regarding its false claims and fraudulent activity on Amazon. (*Id.* at ¶ 46, Ex. D). Despite this and earlier attempts to notify Defendants of their improper conduct, Defendants continue to interfere with GNE's commercial activity on Amazon. (*Id.* at ¶¶46–47). GNE filed the instant Complaint on October 21, 2020 (Dkt. 1).

Defendants first filed a motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 11), which was denied by the Court on April 13, 2021. (Dkt. 18). Defendants then sought to file another motion to dismiss, this time pursuant to Rule 12(b)(6) for failure to state a claim. The Court granted leave, and the instant motion was filed (Dkt. 21) on April 29, 2020

seeking dismissal of all of Plaintiff's claims.

## LEGAL STANDARD

When considering a motion to dismiss for failure to state a claim, the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I.    The Court's Prior Orders

Plaintiff raises two preliminary issues in its opposition to Defendants' motion: first, that Defendants have exceeded the scope of the Court's order by moving to dismiss all claims (Dkt. 22, Opp. at 4); and second, that the motion is precluded by the Court's denial of Defendants' motion to dismiss for lack of jurisdiction (Opp. at 2).

After denying Defendants' jurisdictional motion (Dkt. 18) the Court held a status conference. At that conference, defense counsel indicated they planned to file a motion to dismiss GNE's RICO claim (Count V). The Federal Rules of Civil Procedure do not foreclose a motion to dismiss under Rule 12(b)(6) when there has been a previous motion to dismiss under Rule 12. *See Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012). The Court thus granted leave for

Defendants to file their 12(b)(6) motion. (Dkt. 20). While the Court's oral order was limited to the RICO count based on the representations of counsel, a review of the docket entry reveals that the written order was not so limited and therefore the Court will review the Defendants' motion in its entirety.[1]

Second, the Court's opinion on Defendants' motion to dismiss for lack of personal jurisdiction does not preclude Defendants' current motion. Defendants' earlier motion (Dkt. 11) raised issues of jurisdiction and venue pursuant to Rule 12(b)(2) and 12(b)(3) and did not address whether Plaintiff adequately stated a claim upon which relief could be granted. Any facts presumed to be true in the Court's earlier opinion (Dkt. 18) were presumed true for purposes of that motion and for assessing whether the Court had jurisdiction to hear the case. Defendants' instant motion is brought under a separate subsection of Rule 12 requiring analysis under a different legal standard such that the Court's prior opinion does not preclude any of Defendants' arguments made here.[2]

## II.    Defamation / Defamation Per Se Claims [Count I]

Count I of Plaintiff's Complaint alleges both defamation and defamation *per se*. Defamation is the publication of a false statement that "tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating

---

[1] Although the Court will consider Defendants' arguments as to each count of the Complaint, Defendants' position that they always intended to move to dismiss all claims and that Defendants merely "mentioned the Civil RICO Claim during the April 15th, 2021, status hearing" (Reply at 2) is an inaccurate recasting of the Court's oral order. Defense counsel asked the Court for time to research and file a 12(b)(6) motion on the RICO claim, to which the Court responded that it would allow two weeks to file a 12(b)(6) motion on the RICO count.

[2] Plaintiff also seeks legal fees and sanctions. Because the Court's earlier opinion is not preclusive and the Court specifically granted leave for Defendants to file a 12(b)(6) motion (albeit it of a more limited nature than Defendants' motion suggests), that request is denied.

with that person." *Tuite v. Corbitt,* 866 N.E.2d 114, 121 (2006). To bring a successful claim, a plaintiff must normally show that the unprivileged communication of a false statement caused him harm. In Illinois this type of action is called *per quod* defamation. Some statements, however, are so obviously harmful that injury to the plaintiff's reputation can be presumed and are considered actionable *per se. Bryson v. News America Publicans, Inc.*, 672 N.E.2d 1207 (Ill. 1996).

To adequately plead defamation under Illinois law, GNE "must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). In a claim for defamation *per se*, the statement's defamatory character must be so "obvious and apparent on its face" that "injury to the plaintiff's reputation may be presumed." *Tuite*, 866 N.E.2d at 121. Five types of statements are defamatory per se, including those that impute the commission of a crime and those that prejudice a party in his or her trade, profession, or business. *Muzikowski v. Paramount Pictures, Corp.*, 322 F.3d 918, 924 (7th Cir. 2003); *see also Tuite v. Corbitt,* 866 N.E.2d 114 (2006).

To sustain a claim for defamation, GNE is not required by Rule 8 to recite the alleged defamatory statements verbatim. GNE alleges that Defendants published knowingly false statements to Amazon and on the Amazon platform that Plaintiff was listing and selling inauthentic SharkNinja products. GN also alleges that the Defendants made knowingly false statements to Amazon that GNE attempted to defraud Defendants by returning items other than those purchased (through test buys) by GNE. GNE alleges that these statements were published at various times starting on or about January 1, 2020, and that these allegations accused GNE of the crime of selling counterfeit goods. (*See, e.g.,* Compl. ¶¶ 34-36, 51-52, 56). This provides the general timing, the content, and the context of the alleged defamatory content necessary for Defendants to fashion a

5

response. *See Muzikowski v. Paramount Pictures Corp.,* 322 F.3d 918, 926 (7th Cir. 2003) (finding Illinois' heightened pleading rule for defamation *per se* does not apply to Rule 8 notice pleading in federal court); *see also, e.g., Rivera v. Allstate Insurance Company,* 140 F. Supp. 3d 722 (N.D. Ill. 2015) ("Rule 8 does not require that the complaint recite verbatim the allegedly defamatory statement."); *Emery v. Northeast Ill. Regional Commuter R.R. Corp.*, 2003 WL 22176077 (N.D. Ill. Sept. 18, 2003) ("[C]ourts recognize that plaintiffs may not be able to state precisely which defendant made which statement, or to whom, without the benefit of discovery.") Although Defendants argue that others may have made the statements, the allegations are sufficient at this stage and Defendants will still have an opportunity to file a dispositive motion once discovery is complete.

### III. Tortious Interference Claims

#### A. Tortious Interference with Prospective Economic Advantage [Count II]

A plaintiff bringing a claim for tortious interference with a prospective economic advantage must allege: "(1) a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 842 (7th Cir. 2015) (citing *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 676 (1989)).

GNE's claim against Defendants for tortious interference with prospective economic advantage is premised on its allegation that Defendants took deliberate action to interfere with the prospective relationships between itself and Amazon, current customers, and prospective customers. (Compl. ¶¶ 11, 30-32, 44-45). Defendants argue that GNE has failed to state a claim

6

based on the wrongdoing attributable to the Named Defendants. (Mot. at 9). GNE plausibly alleges that the Defendants (including the Named Defendants) acted deliberately to get Plaintiffs' sales listings removed from Amazon, and otherwise manipulated sales listings by tampering with ASINs in order to divert potential customers to Defendants' product listings. (Compl. ¶¶ 12-14, 30-31). As a result of Defendants' conduct, GNE alleges it was damaged because it was unable to sell its products to prospective customers. (Compl. ¶¶ 36, 45, 66). Having made adequate factual allegations to support an inference that Defendants tortiously interfered with GNE's prospective economic advantage, GNE is not required to plead even more facts that it believes supports its claim. *See Cook v. Winfrey*, 141 F.3d 322, 238 (7th Cir. 1998).

Defendants also dispute whether any alleged interference was justified. (Mot. at 9). At this stage, the Court takes GNE's allegations that the interference was intentional and unjustified as true. Disagreement about whether the alleged conduct was in fact justified and whether it was "within the power" of the Defendants to have manipulated Amazon's sales listings (Reply at ¶ 12) are factual disputes and not a reason to dismiss this count for failure to state a claim at this stage of the proceedings. *See, e.g., Tekway Inc. v. AT&T Servs., Inc.*, No. 20 C 4095, 2021 WL 916080, at *4 (N.D. Ill. Mar. 10, 2021).

### B. Tortious Interference with Contract [Count III]

Defendants also move to dismiss Plaintiff's claim for tortious interference with contract. To state a claim for tortious interference with contract, GNE must allege facts demonstrating that GNE had a valid contractual relationship with some other party, that Defendants were aware of that contract, that they intentionally or unjustifiably induced the other party to breach, that the other party in fact breached as a result of Defendants' actions, and that the breach caused GNE

damages. See *Williams v. Shell Oil Co.,* 18 F.3d 396, 402 (7th Cir.1994) (citing *Lusher v. Becker Bros., Inc.,* 509 N.E.2d 444, 445 (1987)).

GNE's claim for tortious interference with contract (Count III) is adequately pled. GNE has alleged that it sold goods on Amazon pursuant to an existing contractual agreement and an existing business relationship (¶¶ 12, 23, 36, 68), and that Defendants were aware of that relationship (¶¶ 35-37, 68). GNE also alleges that that – with the intention of causing a breach of GNE's contract with Amazon – Defendants intentionally and tortiously interfered with that contract through their wrongful conduct. (*Id.*) Specifically, GNE alleges that Defendants engaged in catalogue manipulation and false representations in order to induce Amazon to cancel its sales agreement with Plaintiff and harm their reputation on the Amazon.com platform (¶¶ 35-36, 41-43). Defendants argue that because there are no specific communications alleged between themselves and Amazon, there is no claim pled. This argument incorrectly heightens the standard for pleading tortious interference.

Defendants also take issue with GNE's allegations that there was a breach as a result of Defendants' actions and claim that "no proof offered that any such relationship was cancelled." (Mot. at 10). But this again misstates the standard for assessing the sufficiency of a complaint. At this stage, it is sufficient that GNE makes factual allegations that Defendants made false claims related to GNE's products to Amazon with the intent that Amazon would be induced to cancel its contractual agreement with GNE (Compl. ¶ 36) and that as a result, Amazon did in fact restrict GNE's ability to sell its products on Amazon. (*Id.* At ¶ 37). Defendants may think that they can disprove these allegations, but that would require the resolution of factual disputes beyond the pleadings. *See Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). Construing GNE's allegations as true, as is required, it is plausible to infer from the Complaint that Defendants did intentionally

induce Amazon to cancel its contractual agreement with GNE and as a result, the agreement was breached and GNE was harmed. Thus, GNE has pled a plausible claim for tortious interference with contract against Defendants.

### IV. Claim of Fraud [Count IV]

Under Illinois law, the elements of fraud are: (1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007) (citing *Connick v. Suzuki Motor Co., Ltd.,* 675 N.E.2d 584, 591 (1996)).

Defendants generally argue that GNE's fraud claim is not pled with the adequate particularity required by Federal Rule of Civil Procedure Rule 9(b). To meet that level of particularity, GNE must describe the "who, what, when, where, and how" of the fraud, that is, "the first paragraph of any newspaper story" *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). "What constitutes 'particularity' ... may depend on the facts of a given case," but GNE must "use some ... means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.* at 839–40 (quoting *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016)).

GNE alleges that the Defendants operated a bait and switch scam that constitutes fraud. (Compl. ¶¶ 5, 8). GNE further alleges that the Defendants – which includes the movant Defendants – made false statements of material fact by offering products for sale on Amazon with no intention of delivering the offered products. (*Id.*) It alleges that the Defendants offered SharkNinja products

for sale on Amazon. However, the Complaint alleges, Defendants had no intention of delivering those products to GNE or other consumers that relied on those false listings and delivered fewer valuable products. (Compl. ¶¶33, 73-75). GNE also pleads specific dates on which these products were ordered and alleges that the products delivered were different, less desirable, and less valuable. (*Id.* ¶¶33-34, 73). The products were identified by specific SharkNinja model numbers. (*Id.* ¶73). Defendants may argue the pleadings are false and implore the Court to "remember the history of this action," (Reply at 7) but that is not a basis for dismissing a claim as inadequately pled on a 12(b)(6)n motion to dismiss. Considering the allegations that have been pled and taking them as true, GNE has adequately alleged the who, what, where, when, and how required to meet the heightened pleading standard set forth in Rule 9(b).

Defendants also challenge whether GNE's reliance on Defendants' allegedly false offers to sell listed products was reasonable. (Reply at 7-8. This is based on GNE's allegations that the purchases they made from Defendants were "test buys" and as a result, Defendants argue, GNE never wanted to receive any items they purchased from Defendants. Whether reliance was reasonable is a fact-intensive question inappropriate for resolution at the motion to dismiss stage. *See BCBSM, Inc. v. Walgreen Co.* 512 F. Supp. 3d 837, 852 (N.D. Ill. 2021). GNE has made sufficient allegations of reasonable reliance that it ordered items in good faith from Defendants based on the attributes, description, images, and model numbers in the sales listings of the products. (Compl. ¶¶ 33-34, 73-74). Testing the truth of those factual allegations at this stage is premature.

## V.    Civil RICO [Count V]

To state a claim under § 1962(c), the complaint must allege that the Defendants engaged in the (1) conduct (2) of an enterprise (3) through a pattern of racketeering activity or collection of

unlawful debt. *Muskegan Hotels, LLC v. Patel*, 986 F.3d 692, 698 (7th Cir. 2021) (citing *Salinas v. United States*, 522 U.S. 52, 62 (1997)). Congress defined a "pattern of racketeering activity" to require "at least two acts of racketeering activity" within a ten-year period. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336 (7th Cir. 2019), *cert. denied,* 140 S. Ct. 2674, 206 L. Ed. 2d 825 (2020).

Defendants argue that GNE does not adequately allege that Defendants acted in concert as an enterprise with continuity so as to sustain a RICO claim (Mot. at 13-14). GNE is correct that the Federal Rules do not require pleading a claim in one neat package, but they do require a pleading with sufficient detail to provide notice to Defendants of the claims against them. Parsing the Complaint to identify which factual allegations could possibly refer to predicate acts, or which allegations GNE may intend to serve as an allegation of the existence of an enterprise, does not meet this standard. Many of the allegations in the Complaint that GNE claims support its RICO claim are conclusory (*e.g.,* Compl. ¶ 79, 82) and therefore the Court need not accept them as true. *See Iqbal*, 556 U.S. 662, 678. Considering the remaining allegations, the Court agrees with Defendants that GNE has pled the existence of a business dispute, but not an action alleging an ongoing criminal conspiracy conducted by an enterprise. Unfortunately, while GNE argues in its Opposition that it has sufficiently pled an enterprise and predicate acts (Opp. at 10) it does not identify which factual allegations in the Complaint it intends to support those legal conclusions. For example, the allegation that Defendants "committed predicate acts of wire fraud," without more, cannot sustain a RICO claim. Therefore, GNE's RICO claim [Count V] is dismissed without prejudice for GNE to amend its Complaint if it is able to do so.

## VI.  Claim for Injunctive Relief [Count VI]

In order to adequately state a claim for injunctive relief, a complaint must allege facts that support the following: 1) no adequate remedy at law exists; 2) the moving party will suffer irreparable harm absent injunctive relief; 3) the irreparable harm suffered absent injunctive relief outweighs the irreparable harm the respondent will suffer if the injunction is granted; 4) the moving party has a reasonable likelihood of prevailing on the merits; and 5) injunctive relief will not harm the public interest.  *See, e.g., U.S. ex rel. Walner v. NorthShore Univ. Healthsystem*, 660 F. Supp. 2d 891, 899 (N.D. Ill. 2009) (citing *Daniels v. Southfort,* 6 F.3d 482, 485 (7th Cir.1993)).

Defendants argue that this claim is inadequately pled because there is "no evidence" and that it is "not substantiated or pled with any particularity," but as this Court explained in *Walner,* a claim for injunctive relief is not subject to the heightened pleading standard required by Rule 9(b).  660 F. Supp. 2d at 899.  GNE has pled, in addition to the facts supporting its claims discussed above, that it will suffer irreparable harm to its business and reputation if the false complaints made by Defendants about Plaintiffs' products continue, including because GNE will continue to be prevented from engaging in their contractual relationship with Amazon and making sales to prospective buyers of its products. (Compl. ¶¶ 87-91).  Defendants also do not provide any authority to support their assertion that GNE's claim must be dismissed because it is "not possible for any Named Defendant to abide by the terms of relief."  (Mot. at 15).  GNE has pled that the movant Defendants acted in concert with the anonymous Doe Defendants and made false and derogatory reviews to harm GNE, and that GNE will continue to be harmed absent an injunction. (Compl. ¶¶ 10, 31, 87-88).  While Defendants may deny this allegation, that is a factual dispute that is not ripe for decision on a motion to dismiss for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted with respect to Count V (Civil RICO Violations) and denied with respect to all other claims. Count V is dismissed without prejudice. Plaintiff may amend its Count V only of its Complaint within 21 days if it is able to do so.

Virginia M. Kendall
United States District Judge

Date: March 31, 2022